E-FILED
Tuesday, 22 February, 2022  04:50:37 PM
Clerk, U.S. District Court, ILCD

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

FILED

NOV 1 9 2021

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| In the Matter of the Search of<br><br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Accounts: "Justin_O1988, catttnoir6969, justin1ortiz, jayhood18001,<br>justin88ortiz18, jaydenhigh420, harley_ladybug, just_in1800o" /<br>Justin ORTIZ, as further described in Attachment A. | )<br>)<br>)<br>)<br>)<br>) Case No. 21-MJ-  **7144** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Information Associated with user accounts: "Justin_O1988, catttnoir6969, justin1ortiz, jayhood18001, justin88ortiz18, jaydenhigh420, harley_ladybug, just_in1800o" / Justin ORTIZ,that is stored at premises controlled by Snap, Inc., more particularly described on Attachment A.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§2252A (2)(A)<br>and (b)(1) | Trafficking of child pornography and distribution and receipt of child<br>pornography |

The application is based on these facts:

See Affidavit of Special Agent Garth Vanskike, Homeland Security Investigations

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/GARTH VANSKIKE

*Applicant's signature*

Special Agent Garth Vanskike, HSI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*

s/ERIC I. LONG

*Judge's signature*

Date: _____ 11/19/2021 _____

City and state:  Urbana, Illinois

Eric I. Long, United States Magistrate Judge

*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF **Accounts: "Justin_O1988, catttnoir6969, justin1ortiz, jayhood18001, justin88ortiz18, jaydenhigh420, harley_ladybug, just_in1800o" / Justin ORTIZ,** as further described in Attachment A. | Case No. 21-mj -7144  **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Garth Vanskike, being first duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by Snap Inc., an electronic communications service provider headquartered in Santa Monica, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Snap Inc. to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

2.      I am a Special Agent with the United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the office of the Springfield, Illinois, Resident Agent in Charge. Prior to that I was assigned to HSI Miami and before that I was assigned to HSI

Eagle Pass, TX. I have been employed with HSI since April of 2017. My primary responsibility as an HSI Special Agent is to investigate many violations of criminal laws to include laws relating to various child exploitation and child pornography offenses, including 18 U.S.C. § 1591, 2422, 2251, 2252, and 2252(A). I've gained experience through training at the Federal Law Enforcement Training Center and everyday work relating to conducting these types of investigations. I have had training and assisted with search warrants related to child exploitation offenses. I've received on the job training in the area of child pornography and child exploitation, and I've had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media including computer media.

3.      This Affidavit is made in support of an application for a warrant to search the Snapchat accounts:

**Justin_O1988,** "SUBJECT ACCOUNT #1"**,**

**catttnoir6969,** "SUBJECT ACCOUNT #2",

**justin1ortiz,** "SUBJECT ACCOUNT #3",

**jayhood18001,** "SUBJECT ACCOUNT #4",

**justin88ortiz18,** "SUBJECT ACCOUNT #5",

**jaydenhigh420,** "SUBJECT ACCOUNT #6",

**harley_ladybug,** "SUBJECT ACCOUNT #7",

**just_in1800o,** "SUBJECT ACCOUNT #8",

for contraband, fruits of crime, instrumentalities, and evidence of violations of 18 U.S.C. §§ 2252(a)(4)(B) and 2252A(a)(5)(B), possession of child pornography; 18 U.S.C. §§

2252(a)(2) and 2252A(a)(2), receiving child pornography in interstate commerce by computer; and §§ 2252(a)(1) and 2252A(a)(1), the transportation of child pornography in interstate commerce. This evidence, fruits, instrumentalities, and contraband to be searched for and seized will be more particularly described in Attachment B.

## JURISDICTION

4.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

5.      The facts set forth in this Affidavit are based on my personal observations and information provided to me by other law enforcement officers and individuals. Because I submit this Affidavit for the limited purpose of showing probable cause, I have not included each fact that I have learned in this investigation in this Affidavit. Rather, I have set forth only facts sufficient to establish probable cause to issue a Search Warrant for the Snapchat account associated with the aforementioned SUBJECT ACCOUNTS. Additionally, unless indicated otherwise, all statements and conversations described herein are related in substance and in part only rather than verbatim.

## INFORMATION ABOUT INTERNET SERVICE PROVIDERS

6.      In general, providers ask each of their subscribers to provide certain personal identifying information when registering for an account. This information can include the subscriber's full name, physical address, telephone numbers and other

identifiers, e-mail addresses, and, for paying subscribers, a means and source of payment (including any credit or bank account number).

7.      Providers typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.  In addition, providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

8.      In some cases, account users will communicate directly with a provider about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users.   Providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

## SNAPCHAT

9.      Snapchat is one of the most popular applications for sending and receiving 'self-destructing' messages, pictures, and videos. Referred to as 'snaps', the company processes approximately 700 million of them every day on Apple's iOS and Google's

Android operating systems. Snapchat users access the application frequently. According to marketing material provided by the company the average Snapchat user checks their account 14 times a day.

10.     Snapchat is headquartered in Santa Monica, California, and owns and operates a free access social networking website of the same name that can be accessed at http://www.snapchat.com.

11.     A "snap" is a picture or video message taken and shared with other Snapchat users in real-time.  The sender of a snap has the option of setting a timer for how long a snap can be viewed.  Once a snap has been viewed it is deleted from the company's system and is no longer visible to the recipient.  Snapchat users can send text messages to others using the Chat feature.  Once a user leaves the Chat screen, messages viewed by both the sender and the receiver will no longer be visible.  The application notifies other users when they are online so they can begin messaging each other.  In addition, Snapchat users can send pictures to other users by utilizing the camera on their device.  Pictures can also be sent from the saved pictures in the photo gallery of the device.    Accessing  a  Snapchat  account  and  "snaps"  constitute  "electronic communications" within the meaning of 18 U.S.C. § 3123.  See 18 U.S.C. §§ 3127(1) and 2510(12).

12.     "Our Stories" is a collection of user submitted "Snaps" from different locations and events. A Snapchat user, with the location services of their device turned on, can contribute to a collection of snaps regarding the event. For example, multiple different Snapchat users at a rave could all contribute to the same "Our Stories" collection

by sharing their snaps, even if they do not know each other. Users can also view "Our Stories" events if they are not actually present at the event by subscribing to the story. In addition to "Our Stories", a Snapchat user can keep a sort of photo/video diary using the "Story" feature. Each snap in a "Story" documents the user's experience. Based on the user's privacy settings, the photos and videos added to a "Story" can be viewed either by everyone on Snapchat or just the user's friend. Stories are visible to other users for up to 24 hours.

13.    In addition to photos, videos, "Snaps" and stories, "Snapcash" is an online money transfer service offered by Snapchat. The actual business platform is run by "SquareUp", the distributor of a mobile credit card reader and application Square Register. Snapcash can be used to transfer money between Snapchat users using a linked, U.S. issued Visa or MasterCard debit card only; using credit cards is not permitted. Snapcash can only be sent to other users who have a linked debit card. Snapcash has a $250 weekly limit but can be upgraded to a $2,500 weekly limit. Users who upgrade have to provide their full name, date of birth, and Social Security number.

14.    While a Snapchat message may disappear, the record of who sent it and when still exists. Snapchat records and retains information that is roughly analogous to the call detail records maintained by telecommunications companies. This includes the date, time, sender, and recipient of a snap. Additionally, Snapchat stores the number of messages exchanged, which users they communicate with the most, message status including if and when the message was opened, and whether the receiver used the native screen capture function of their device to take a picture of the snap before it disappeared.

15.     Snapchat asks users to provide basic contact and personal identifying information to include date of birth.  When a user creates an account, they make a unique Snapchat username.  This is the name visible to other Snapchat users. An email address is required to register a Snapchat account and a new user must also provide a mobile phone number. This phone number is verified during the registration process. Snapchat sends an activation code, which must be entered before proceeding with the registration step.  However, a user may elect to bypass entering a phone number so one may not always be present in the user's account. Snapchat also retains the account creation date.

16.     Snapchat stores device information such as the model, operating system, operating system version, mobile device phone number, and mobile network information of devices used in conjunction with the service. They also collect unique device identifiers such as the Media Access Control (MAC) address and the International Mobile Equipment Identifier (IMEI) or Mobile Equipment Identifier (MEID) of devices used to access Snapchat. In the event the Snapchat user's application crashes, the company also collects a list of other installed applications on the device to detect any potential software conflicts.

## FILE IDENTIFICATION

17.     Most of the social networking and remote storage software applications keep logs of each upload, access, and/or download event. Often a forensic examiner, using these logs, can determine the IP address from which a particular file was obtained, uploaded, or downloaded.  Snapchat, like most other social media applications, has developed a monitoring system to detect if their service may have been used to transmit

or store child pornography.  Once Snapchat detects and logs the transmission of child pornography by one of its users, Snapchat makes a report to the National Center for Missing and Exploited Children (NCMEC) of the date, time, and IP address(es) of the transmission.  Snapchat also provides the content of the suspected illegal transmission.

## PROBABLE CAUSE

18.     Law enforcement identified Justin R. Ortiz through a series of cybertips to the National Center for Missing and Exploited Children (NCMEC) wherein electronic service providers identified an account belonging to Ortiz involved in transmitting child pornography materials through their servers.

19.     On October 01, 2021, the Homeland Security Investigations (HSI), Springfield, IL RAC Office received information from NCMEC, documented in CyberTipline Report 96099495, regarding a Snapchat account later identified as belonging to Justin Ortiz.

20.     The report indicated that on or about July 21, 2021, at 03:39:29 UTC, an individual using a Snapchat account justin_o1988, SUBJECT ACCOUNT #1, uploaded one (1) file containing Suspected Child Sexual Assault Material (CSAM).

21.     According to the CyberTipline Report 96099495 the following identifiers were listed as the Suspect's:

    a.   Phone: 12177781507

    b.   Date of Birth: 05-23-1988 (Ortiz's DOB)

    c.   Email Address: ortiz6661988@gmail.com

    d.   Screen/User Name: justin_o1988

22.    I have personally viewed the content that is described:

File    Name:    *justin_o1988-None-d7c87fbd-cdac-5dd1-907a-37d043c69b65--324-11f29d4128.mp4*;

Description: The video was approximately 20 seconds in length showing one young light skinned naked female with dark colored hair and dark eyes, approximately 5-8 years of age. The girl is shown positioned on her back with her left arm crossing her chest and left hand resting on her right wrist. The girl appears to be looking up towards an individual that is initially out of view of the recording. There appears to be another individual with dark colored hair that is performing oral sex on the girl. As the video advances a naked adult male steps into the camera recording and his penis is visible as the male places his penis into the mouth of the girl. When the video is played no audio sounds are hear. Snapchat viewed this file in its entirety prior to reporting it to the NCMEC.

### SEARCH WARRANT EXECUTION

23.    On October 27, 2021, United States Magistrate Judge Eric I. Long authorized the search of the residences associated with Ortiz located on the 200 blk of S. Fredrick in Rantoul and the 100 blk of Chanute also in Rantoul. The search warrant also included the authority to conduct a search Justin R. Ortiz if he was located at these premises or within the Central District of Illinois.

24.    On October 28, 2021, HSI Springfield agents and task force officers executed the aforementioned search warrants regarding Ortiz. Agents encountered Ortiz while walking on North Chanute Avenue, in Rantoul, IL, along the same route agents observed

him take toward the Frederick residence. At this time, agents informed Ortiz that there was a search warrant for his person. A Samsung Galaxy A5 cellphone was seized from his pocket. Ortiz was transported to the Rantoul Police Department for further investigation.

### INTERVIEW OF ORTIZ

25.     Ortiz was read a statement of Miranda rights, gave a knowing and voluntary waiver, and agreed to a consensual interview.  During the interview Ortiz stated multiple times that he knowingly possessed, viewed, and distributed CSAM. At one point during the interview ORTIZ described a video that he viewed as a 9 or 10 year old female engaged in a sexual act with a 9 or 10 year old male and then an adult male forces the 9 to 10 year old female to perform oral sex on him. During the interview Ortiz stated several times that he used Snapchat and that he had multiple accounts. Ortiz confirmed that he had **justin1ortiz, JustinOrtiz1988,** and **justin_o1988** as user names on Snapchat. Ortiz also confirmed his cell phone number, and stated his email address was ortiz6661988@gmail.com, an email that he has possessed for many years. During the investigation other email addresses have been linked to Ortiz to include: 1800babyboi@gmail.com, cattynoir1800@gmail.com, jayhood1800@gmail.com, and just_in66@yahoo.com.

26.     Agents arrested Ortiz based on this investigation for child pornography violations.  On November 17, 2021, the Peoria Grand Jury indicted Ortiz charging him with two counts of transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1) and one count of possession of child

pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## FORENSIC ANALYSIS

27.     During the analysis of Ortiz's Samsung Galaxy A5 several other Snapchat accounts were located on this device to include: **Justin_O1988, catttnoir6969, justin1ortiz, jayhood18001, justin88ortiz18, jaydenhigh420, harley_ladybug, just_in1800o,** the SUBJECT ACCOUNTS.

## CONCLUSION

28.     Based on the foregoing facts, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. §§ 2252 and 2252A have been committed and that evidence, fruits, instrumentalities, and contraband related to these violations exist in the information associated with the SUBJECT ACCOUNT and held by Snap Inc.

29.     Therefore, I respectfully request that the attached search warrant and non-disclosure order be issued authorizing the search and seizure of the items listed in Attachment B in the location(s) as described in Attachment A. The warrant will be served on Snap Inc., who will then compile the requested records at a time convenient for them; therefore, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully Submitted,

s/GARTH VANSKIKE

Garth Vanskike
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on November 19, 2021.

s/ERIC I. LONG

Eric I. Long
United States Magistrate Judge

## ATTACHMENT A
## DESCRIPTION OF LOCATION TO BE SEARCH

This warrant applies to information associated with the following Snapchat accounts: **Justin_O1988, catttnoir6969, justin1ortiz, jayhood18001, justin88ortiz18, jaydenhigh420, harley_ladybug, just_in1800o,** the SUBJECT ACCOUNTS., and/or the name: Justin ORTIZ, that is stored at premises owned, maintained, controlled, or operated by Snap Inc., a company headquartered in Santa Monica, California.

**ATTACHMENT B**
**ITEMS TO BE SEARCHED FOR AND SEIZED**

**I.     INFORMATION TO BE DISCLOSED BY SNAP, INC.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Snap, Inc., regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Snap, Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Snap, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The full list of Snapchat friends for each user identified in Attachment A, including usernames and display names.

b.      Logs of all Snaps, Stories, and Chats for each user identified in Attachment A.

c.      Content of any Memories, Snaps, Stories, or Chats for each user identified in Attachment A which are been unopened and/or not automatically deleted;

d.      The backup or registration e-mail address of phone number for each user identified in Attachment A;

e.      All contact and personal identifying information, including full name, user identification number, birth date, gender, contact email addresses, Snapchat passwords, Snapchat security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, Websites, and other personal identifiers.  Group

identification number, a list of users currently registered to the group, and Group Contact Info, including all contact information for the creator and/or administrator of the group and a PDF of the current status for the group profile page.

f.      All existing printouts from the original storage of all of the messages described above.

g.      All transactional information of all activity of the account or identifier described above, including log files, messaging logs, dates and times of connecting, methods of connecting, IP addresses associated with the outgoing and incoming messages.

h.      All messaging and/or transactional logs, including date and time of messages  and identification numbers associated with the device sending and receiving message.

i.      All business records and subscriber information, in any form kept, pertaining to the individual account or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, lengths of service utilized, Electronic Serial Number (ESN) or other unique identifier for the wireless device associated with the account, Social Security Number, date of birth, telephone numbers and other identifiers associated with the accounts.

j.      All records pertaining to communications between Snapchat, Inc. and any person regarding the account or identifier, including contacts with support services and records of actions taken.

k.      All other records of communications and messages made or received by the user, including all private messages, chat history, video calling history, and pending "Friend" requests.

The Provider is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant. There is no objection to notifying the affected user of this legal process.

## II.     Information to be seized by the government

a.      All information described above in Section I including correspondence, records, documents, photographs, videos, electronic mail, chat logs, and electronic messages that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 2252, trafficking of child pornography and distribution and receipt of child pornography and 18 U.S.C § 2251(a), involving Justin Ortiz and UNKNOWN SUBJECTS, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Any and all data, records, communications or information reflecting evidence, fruits, instrumentalities, and contraband of the crimes listed above;

(b) Communications or information reflecting the planning or execution of child sexual exploitation crimes and child pornography trafficking;

(c) Address/phone books or contact information that reflect names of potential criminal associates and individuals who were sexually exploited or solicited;

(d) Any and all images of minors;

(e) Photographs and information reflecting the various locations where criminal activity may have occurred;

(f) Photographs and information reflecting the participant's identifying information;

(g) Any communications reflecting attempts to obstruct justice.

(h) Credit card and other financial information including but not limited to bills and payment records;

(i) Evidence of who used, owned, or controlled the accounts or identifiers listed on Attachment A;

(j) Evidence of the times the accounts or identifiers listed on Attachment A was used;

(k) Passwords and encryption keys, and other access information that may be necessary to access the accounts or identifiers listed on Attachment A and other associated accounts.

(l) The identity of the person(s) who communicated with the each user identified in Attachment A including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents,

attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

### III.    METHOD OF SERVICE

IT IS ORDERED that, notwithstanding 18 U.S.C. § 2252 or § 2252A, Snap Inc. will deliver these records in an electronic format by electronic mail (e-mail) to Homeland Security Investigations Special Agent Garth Vanskike at Garth.D.Vanskike@ICE.DHS.gov within 10 days of the service of this warrant except as provided below.

If sending the records by e-mail is not possible, **or if the records contain apparent child pornography**, the records shall be reduced to a compact disk (CD), DVD, BluRay disk, or USB storage device and sent by domestic U.S. Mail or common carrier within 10 days of the service of this warrant to the following address:

SPECIAL AGENT GARTH VANSKIKE
HSI SPRINGFIELD
HOMELAND SECURITY INVESTIGATIONS
3105 CONSTITUTION DR.
SPRINGFIELD, IL 62704

IT IS FURTHER ORDERED that Snap Inc. shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant.

Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by **Snap Inc.** and my title is _____.   I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of **Snap Inc.**   The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **Snap Inc**. and they were made by **Snap Inc.** as a regular practice; and

b. such records were generated by **Snap Inc.** electronic process or system that produces an accurate result, to wit:

  1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **Snap Inc.** in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by **Snap Inc.** and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____     _____

Date                                             Signature